UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD L. BRANDOW, JR., et al. ) | |
| ) | Case No. 1:08-CV-02771 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE ANN ALDRICH |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION, AS RECEIVER FOR ) | |
| WASHINGTON MUTUAL BANK, ) | ORDER |
| ) | |
| Defendant. ) | |

On November 24, 2008, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Washington Mutual Bank, removed this class action case to this court from the Court of Common Pleas for Cuyahoga County [Doc. No. 1]. On December 1, 2008, this court stayed the case pursuant to 12 U.S.C. § 1821(d)(12) until March 2, 2009 [Doc. No. 6]. According to 12 U.S.C. § 1821(d)(12), this court must grant a stay for a period not exceeding 90 days if a receiver for an insured depository institution requests a stay. On December 2, 2008, the plaintiffs filed a motion for reconsideration of this court's stay because "this case presents unique and unusual circumstances" [Doc. No. 7]. Specifically, the plaintiffs argued (1) that this court should reconsider staying the case until March 2, 2009; (2) that the FDIC did not provide the class members with adequate notice of the deadline for submitting claims; and (3) that the FDIC should be compelled to produce documents necessary for the class members to submit their individual claims. For the following reasons, this court denies the plaintiffs' requested relief.

**I.     Motion for Reconsideration**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion pursuant to Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). In other words, Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided. *See Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991).

Generally, there are three situations that justify a district court in altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *Sanders v. Daimler Chrysler Corp.*, No. 3:05 CV 7056, 2008 U.S. Dist. LEXIS 5253, at *2 (N.D. Ohio Jan. 24, 2008). The plaintiffs appear to premise their motion to reconsider on the need to prevent a manifest injustice.

**II.    Discussion**

Through the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), Congress established an administrative claims process for

filing claims against failed banks in receivership. The statutory process requires that all claims be submitted to the receiver before a date chosen by the receiver (the "claims bar date"). 12 U.S.C. § 1821(d)(3). The receiver must mail individual, written notice of the claims bar date to "any creditor shown on the institution's books." 12 U.S.C. § 1821(d)(3)(C). All other unknown, potential creditors may be notified by publication. 12 U.S.C. § 1821(d)(3)(B). The receiver may file a stay of any judicial action to which it is a party for 90 days while it processes these administrative claims. 12 U.S.C. § 1821(D)(12). Upon receiving the receiver's request for a stay, the "court shall grant such stay as to all parties." *Id.*

First, this court denies the plaintiffs' request to reconsider the stay. As this court has already stated, the statute and case law make it clear that this court is without discretion to deny the FDIC's request for a stay. *See Wachovia Bank, N.A. v. Vorce*, No. 1:07-CV-847, 2007 WL 3471229, at *2 (W.D. Mich. Nov. 13, 2007) ("[A] plain reading of the statute leads to the conclusion that a request by the FDIC as receiver under this statute must be granted and does not fall within the court's discretion."); *see also In re Lewis*, 398 F.3d 735, 743 (6th Cir. 2005) (stating in dictum that "[a]ny court with jurisdiction of such action or proceeding shall grant such stay as to all parties" pursuant to 12 U.S.C. § 1821(d)(12)(B)).

This court also denies the plaintiffs' request that their counsel be appointed as attorney-in-fact for each member of the class already certified in state court pursuant to Ohio Civil Rule 23(b)(3). Both parties acknowledge that FIRREA does not permit class claims. Because a single claim cannot be filed on behalf of a class, the plaintiffs have requested that their counsel be appointed as attorney-in-fact with power of attorney for each member of the certified class. As attorney-in-fact, plaintiffs' counsel would have the authority necessary to file the administrative claim on behalf of each class member before the

claims bar date. This court denies this request. The class members have not been informed of the nature of the action; the state court's certification of the class; the class members' right to opt out of the action; or the class members' right to enter an appearance through separate counsel. *See* OHIO CIV. R. 23(c)(2). Because the class members have not received notice of the class action, this court will not appoint plaintiffs' counsel as attorney-in-fact in the instant matter.

The plaintiffs have also argued that the FDIC gave insufficient notice of the claims bar date to creditors. The FDIC mailed individual, written notice to the action's named plaintiffs and notified the other class members by publication in the *Seattle Times* and the *Wall Street Journal*. The FDIC claims that it fully complied with the statute because the named plaintiffs are "creditors known on the institution's books" who must be notified in writing. The other class members, the FDIC claims, are unknown, potential creditors who may be notified by publication. Because the class was certified by the state court, the plaintiffs argue that all class members are "known on the institution's books" and that all are entitled to mailed, individual, written notice of the claims bar date. This court, however, finds that the FDIC provided notice in compliance with the statute. Here, the named plaintiffs have affirmatively exercised their right not to opt out of the class and are, therefore, "shown on the institution's books" as having a known claim. The other class members have received no notice of the state court's class certification, so it remains unknown whether they have a claim or whether they will exercise their right to opt out of participating in the lawsuit. These other class members, therefore, are unknown, potential creditors. For unknown, potential creditors, the FDIC is merely required to publish notice in accordance with 12 U.S.C. § 1821(d)(3)(B). Thus, the FDIC has satisfied its statutory obligation to provide notice.

In addition, the plaintiffs argue that the published notice in a nationwide publication violated the class members' due process rights. Many courts, however, have found that notice published in a national publication can satisfy the requirements of due process. *See, e.g., Chemetron Corp. v. Jones*, 72 F.3d 341, 348 ("It is well established that, in providing notice to unknown creditors, constructive notice of the bar claims date by publication satisfies the requirements of due process."). Here, Washington Mutual Bank was a national institution with unknown, potential creditors located across the country. Thus, the FDIC's publication of the claims bar date in the *Seattle Times* and the *Wall Street Journal* provided the unknown, potential creditors with constructive notice of the claims bar date.

Finally, the plaintiffs request an order requiring the FDIC to produce for each of the approximately 15,000 class members the date of their mortgage payoff and the date of their mortgage release. According to 12 U.S.C. § 1821(j), "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." To require the FDIC to provide the plaintiffs with this information on short notice would impose a significant burden on the FDIC which would interfere with the its ability to efficiently and equitably administer the claims process. In addition, an order requiring the FDIC to produce this information would divert resources from the receivership that could be used to compensate known creditors. This action would, therefore, affect the FDIC's exercise of its powers in administering the claims process. Because this court may not take any action to restrain or affect the exercise of powers or functions of the FDIC, this court declines the plaintiffs' request.

**III. Conclusion**

Therefore, the plaintiffs' motion to reconsider [Doc. No. 7] is denied and this action is stayed for 90 days through and including March 2, 2009.  For the same reasons stated herein, the plaintiffs' motion for appointment of counsel [Doc. No. 4] is also denied.

IT IS SO ORDERED.

                                              */s/ Ann Aldrich*
                                              ANN ALDRICH
                                              UNITED STATES DISTRICT JUDGE

**Dated: December 22, 2008**